THE STATE, THOMAS D. HOXSEY ET AL., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

It does not appear that the commissioners who made the assessment, were either legally appointed or sworn. A new assessment being provided for, the assessment for grading set aside as to all persons assessed.

On *certiorari.*

Argued at November Term, 1874, before Justices VAN SYCKEL and WOODHULL.

For the plaintiffs, *Hoxsey*.

For the defendants, *A. B. Woodruff*.

The opinion of the court was delivered by

VAN SYCKEL, J.    The validity of the assessment for the grading of Union avenue, in the city of Paterson, made December 31st, 1868, is the subject of controversy in this case. On account of the unreasonable delay of the prosecutors in prosecuting the *certiorari* in this case, which was not sued out until July, 1873, none of the reasons relied upon for reversal, which are based upon alleged infirmities in the proceedings anterior to the assessment, will be considered.    In the exercise of its discretion, in granting this writ, the court limited its operation to the assessment itself.    The work of grading was done under the act of 1861.    (*Laws*, 1861, *p.* 320.)    Section 177 of the charter of 1869, page 770, provides that nothing therein contained shall destroy, impair, or take away any right or remedy acquired or given by any act or part of act thereby repealed, and all proceedings of any kind whatever commenced under any such former act or parts of any such act, shall and may be carried on and completed in all respects, in the same manner and with the same effect as though said act had not been passed.

The legality, therefore, of the proceedings in question, depends entirely upon their conformity to the provisions of the charter of 1861.    The 72d section of that act authorizes the mayor and aldermen, in order to pay the expenses of grading any street, to cause a just and equitable assessment thereof to be made upon the owners of property fronting on such street, in proportion, as nearly as may be, to the advantages each shall be deemed to derive from such improvement; and, for that purpose, they shall appoint three impartial assessors, in the same manner, who shall have the same qualifications, and proceed as is directed in case of sidewalks.

Peter Roswell, M. A. Harold, and Benjamin Geroe made this assessment, but it does not appear by the return to the

writ in this case, that they were lawfully appointed for that purpose. There is some evidence to show that they were appointed in April or May previous to the date of this assessment, to make assessments generally for street grading, but such general appointment as a board of assessors for all cases is unauthorized by the charter of 1861. Under the 72d section, the appointment must be made for each particular case, and, therefore, so far as appears, these persons were without authority to impose any assessment upon the prosecutors. They also acted without the sanction of the oath required by the 82d section of the act. In the certificate returned by them, these persons do not say they were sworn, nor is any copy of their oath returned with these proceedings.

The evidence shows that the only oath taken by them was well, faithfully, and impartially to discharge the duties of the office of street assessor.

No such officer is known to the charter as street assessor. If the proceedings had been regular, three persons would have been appointed to make the assessment for grading Union avenue, and they would have been sworn to perform the duties required of them under such appointment. The mayor and aldermen acted under the impression that they could appoint as permanent officers of the city three impartial men to act as a board of assessors, and when they were sworn generally to perform the duties required of them, they were qualified without further appointment or oath to act in each individual case of grading that might thereafter be undertaken. This was clearly an erroneous view of their power and duty, and therein the proceedings for imposing the assessment are fundamentally vicious. *The State* v. *City of Hudson*, 5 *Dutcher* 105.

No loss to the public can be imputed to the laches of the prosecutors in appealing to this court, other than what would have followed a more speedy pursuit of their remedy; and, therefore, inasmuch as the charter of 1861 provides for a re-assessment, I think the entire assessment should be set aside, and commissioners appointed to re-assess.

The assessment for opening Union avenue, which is brought up by the same writ, was made by other commissioners, who .were duly appointed under another section of the charter. In this assessment there is no irregularity, and it is therefore affirmed.

No costs will be allowed to the prosecutors in this case.

Justice WOODHULL concurred.